**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GUY RATZ, Individually and** | : | |
| **on behalf of all others similarly** | : | |
| **situated,** | : | |
| **Plaintiff,** | : | **Civ. No. 13-6808** |
| | : | |
| **v.** | : | |
| | : | |
| **PHOTOMEDEX, INC., DENNIS** | : | |
| **M. MCGRATH, AND DOLEV** | : | |
| **RAFELI,** | : | |
| **Defendants.** | : | |
| | : | |

## O R D E R

Putative Class Members Ariel Lifshitz, Guy Ratz, and Asbestos Workers, Local 14 Pension Fund each have moved for appointment as Lead Plaintiff of the putative Class.  (Doc. Nos. 3, 4, 5.)  Ratz has since filed a Response in Support of the appointment of the Pension Fund, and Lifshitz has withdrawn his Motion.  (Doc. Nos. 7, 10.)  Because I find that the Pension Fund meets the statutory requirements for Lead Plaintiff, I will grant its now unopposed Motion.

After an independent review of the notice provided here, I am satisfied that it meets the objectives of the Private Securities Litigation Reform Act.  Janovici v. DVI, Inc., No. 03-4795, 2003 WL 22849604, at *8 (E.D. Pa. Nov. 25, 2003) (published notice adequate where it listed information about the case and complaint, provided notice and information about moving for appointment as lead plaintiff, advised of the putative class period, and advised that class members could retain counsel of their choice).  The Pension Fund has also met the PSLRA's certification requirements.  15 U.S.C. § 78u-4(a)(2).

I find that the Pension Fund has established the rebuttable presumption that it is the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii) (the most adequate plaintiff has filed the

complaint or made a motion for appointment, has the largest financial interest in the relief sought by the class, and otherwise satisfies the requirements of Rule 23). Of all of the Movants, the Pension Fund seeks by far the largest damage award: $47,571.95. (Doc. No. 5, Ex. C.) The Pension Fund has also made the required *prima facie* showing of typicality and adequacy under Rule 23(a). In re Cendant Corp Litig., 264 F.3d 201, 263 (3d Cir. 2001); In re Sterling Fin. Corp. Sec. Class Action, No. 07-2171, 2007 WL 4570729, at *11 (E.D. Pa. Dec. 21, 2007) (typicality and adequacy satisfied where lead plaintiff, like other putative class members, purchased stock that was artificially inflated by statements of the defendant, and was damaged as a result); Greater Pa. Carpenters Pension Fund v. Adolor Corp., No. 04-1728, 2004 WL 3019235, at *3 (E.D. Pa. Dec. 29, 2004) (adequacy for appointment purposes met where no potential conflict between proposed lead plaintiff and putative class members and where lead counsel was "qualified, experienced, and able to vigorously conduct the proposed litigation"). Nor is there any evidence that the Pension Fund's choices are "so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class." Cendant, 264 F.3d at 266.

Further, no member of the putative Class has submitted proof to overcome the presumption that the Pension Fund is the most adequate plaintiff. 15 U.S.C. § 78-4(a)(3)(B)(iii)(II); Janovici, 2003 WL 22849604, at *13 (presumption not rebutted where no proof was submitted suggesting that lead plaintiff would not fairly and adequately represent the class or that it was subject to unique defenses).

Finally, I approve the Pension Fund's selection of Shepherd, Finkelman, Miller & Shah, LLP as Lead Counsel. Montoya v. Herley Inds., Inc., No. 06-2596, 2006 WL 3337485, at *3 (E.D. Pa. Nov. 14, 2006) ("'[T]he power to select and retain lead counsel belongs, at least in the first instance, to the lead plaintiff . . . .'" (quoting Cendant, 264 F.3d at 273)); Janovici, 2003

WL 22849604, at *13 ("[T]he court should not interfere with lead plaintiff's choice of counsel, unless such intervention is necessary to 'protect the interest of the plaintiff class.'" (quoting Smith v. Suprema Specialties, Inc., 206 F. Supp. 2d 627, 641 (D.N.J. 2001))).

      **AND NOW**, this 11th day of February, 2014, it is hereby **ORDERED** that:

1. Asbestos Workers, Local 14 Pension Fund's Motion for Appointment of Lead Plaintiff and Approval of its Selection of Lead Counsel (Doc. No. 5) is **GRANTED**;

2. Ariel Lifshitz's and Guy Ratz's Motions for Appointment as Lead Plaintiff (Doc. Nos. 3, 4) are **DENIED as moot**.

3. The Pension Fund is hereby appointed as Lead Plaintiff for the purported Class;

4. Shepard, Finkelman, Miller & Shah, LLP is appointed Lead Counsel;

5. Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Lead Counsel shall designate:

   a. To coordinate the briefing and argument of motions;

   b. To coordinate the conduct of discovery proceedings;

   c. To coordinate the examination of witnesses in depositions;

   d. To coordinate the selection of counsel to act as a spokesperson at pretrial conferences;

   e. To call meetings of Plaintiffs' counsel as they deem necessary and appropriate from time to time;

   f. To coordinate all settlement negotiations with counsel for defendants;

   g. To coordinate and direct the pretrial discovery proceedings and the preparation for trial and the trial of this matter and to delegate work responsibilities to selected counsel as may be required; and

    h.  To supervise any other matters concerning the prosecution, resolution or settlement of this Action.

6. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of Lead Counsel.

7. Counsel in any related action that is consolidated with this Action shall be bound by this organization of Plaintiffs' counsel.

8. Lead Counsel shall have the responsibility of receiving and disseminating Court Orders and Notices.

9. Lead Counsel shall be the contact between Plaintiffs' counsel, and shall direct and coordinate the activities of Plaintiffs' counsel.

10. Defendants shall effect service on Lead Plaintiff by serving a copy on Lead Counsel by overnight mail service, electronic, or hand delivery. Lead Plaintiff shall effect service on Defendant by overnight mail service, electronic, or hand delivery.

**IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.

4