IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GUY RATZ, individually and on behalf of all others similarly situated, Plaintiff, | : : : : | |
| v. | : : | Civ. No. 13-6808 |
| PHOTOMEDEX, INC., DENNIS M. MCGRATH, and DOLEV RAFAELI, Defendants. | : : : : : | |

## ORDER

**AND NOW**, this 10th day of March, 2015, upon consideration of the Settlement Agreement dated January 9, 2015 in the above-captioned case, and as a hearing on the proposed Settlement described in the Settlement Agreement is necessary, it is hereby **ORDERED** as follows:

1.  This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.  <u>Jurisdiction</u>.  I have Jurisdiction over the subject matter of this litigation and over the Parties.

3.  <u>Certification of the Class for Settlement Purposes</u>.  I hereby certify a Class pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure consisting of all persons who purchased or otherwise acquired the common stock and/or publicly traded securities of PhotoMedex, Inc. during the period of November 6, 2012 through and including November 5, 2013 on any foreign or domestic exchange or otherwise, for settlement purposes only.  Excluded

from the Class are Defendants and members of each individual Defendant's immediate family, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs, successors, predecessors in interest or assigns, of any such excluded party, as well as the Judge(s) to whom this case has been assigned; and those persons who submit a valid request to be excluded from the Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

    4.    I find and conclude that the prerequisites of class action certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for the Class defined herein, in that:

    (a)    the Members of the Class are so numerous that joinder of all Class Members is impracticable;

    (b)    there are questions of law and fact common to Class Members;

    (c)    Lead Plaintiff's claims are typical of the Class's claims;

    (d)    Lead Plaintiff and its Counsel have fairly and adequately represented and protected the interests of the Class;

    (e)    the questions of law and fact common to the Class Members predominate over any individual questions; and

    (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Class Members in the instant action are substantially similar and would, if tried, involve substantially identical proof and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Class Members are too small to justify the expense of individual

actions; and it does not appear that there is any intent among Class Members in individually controlling the litigation of their claims.

5. Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of the Settlement only, Lead Plaintiff is certified as Class Representative for the Settlement Class.

6. Pursuant to Rule 23, and for the purposes of the Settlement only, the law firm Shepherd Finkelman Miller & Shah, LLP, is appointed Class Counsel.

7. Any Member of the Class may enter an appearance in the Litigation, individually or through counsel of his or her choice, at his or her own expense. If he or she does not enter an appearance, he or she will be represented by Lead Counsel.

8. <u>Preliminary Findings Concerning the Proposed Settlement</u>. I hereby preliminarily approve the Stipulation and the Settlement as: 1) the result of serious, extensive, arm's-length and non-collusive negotiations; 2) falling within a range of reasonableness warranting final approval; 3) having no obvious deficiencies; 4) not improperly granting preferential treatment to the Lead Plaintiff; and 5) warranting notice of the proposed Settlement to the Class Members and further consideration and final approval of the Settlement and Settlement Hearing described below.

9. <u>Notice</u>. I approve, as to form and content, the Notice of Pendency and Proposed Settlement of the Class Action; the Proof of Claim and Release; and the Summary Notice. I find that the procedures established for publication, mailing, and distribution of the Notices and Proof of Claim form: 1) constitute the best notice to the Class Members practicable under the circumstances; 2) are reasonably calculated, under the circumstances, to describe the terms and effect of the Stipulation and of the Settlement and to apprise Class Members of their right to

object to the proposed Settlement or to exclude themselves from the Class; 3) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and 4) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), and any other applicable law.

10. <u>Settlement Hearing</u>. A hearing will be held before me on **July 20, 2015 at 9:30 a.m.** at the United States District Court for the Eastern District of Pennsylvania, James A. Byrne United States Courthouse, Courtroom 6B, Room 6613, 601 Market Street, Philadelphia, Pennsylvania, to determine:

(a) whether the proposed Settlement on the terms and conditions provided in the Stipulation is fair, reasonable, and adequate and should be approved;

(b) whether a Final Judgment and Order of Dismissal with Prejudice, substantially in the form of Exhibit B to the Stipulation, should be entered, dismissing the case in its entirety with prejudice; whether the covenants by the Class and the release by the Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Parties; and whether the Class should be forever barred and enjoined from commencing, instituting, prosecuting, or maintaining any of the Released Claims against the Released Parties;

(c) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved;

(d) whether the Class should be finally certified for the purposes of the Settlement only; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm Shepherd Finkelman Miller & Shah, LLP should be

finally appointed Class Counsel;

        (e)    whether Plaintiff's Counsel's application for a Fee and Expense Award should be granted; and

        (f)    such other matters as may properly arise in connection with the Settlement.

11.    I may adjourn the date of the Settlement Hearing without further notice to Class Members, and modify any of the dates herein without further notice to the Settlement Class, and I retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. I may approve the Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Class. I further reserve the right to enter the Judgment approving the Settlement regardless of whether I have approved the Plan of Allocation or awarded attorneys' fees or expenses.

12.    At or after the Settlement Hearing, I will determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

13.    <u>Claims Administrator and Manner of Notice</u>. I appoint Strategic Claims Services to act as Claims Administrator and to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

        (a)    Not later than **May 11, 2015**, the Claims Administrator shall cause a copy of the Notice and Proof of Claim to be mailed by first class mail to those Class Members who can be identified with reasonable effort, as well as a Hebrew translation of the Notice and Proof of Claim to those Class Members who can be identified with reasonable effort who are located in

the State of Israel;

(b) No later than **March 20, 2015**, the Claims Administrator shall cause the Summary Notice to be published in substantially the form attached to the Stipulation, once in the national edition of *Investor's Business Daily*, and once over the internet via *Business Wire* or *PR Newswire*, as well as a Hebrew translation in *Globes*; and

(c) On or before **June 18, 2015**, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration from the Claims Administrator, of such mailing and publishing, in particular noting the efforts undertaken by the Claims Administrator to identify and provide a Hebrew translation of the Notice to those Class Members who are located in the State of Israel.

14. <u>Nominee Purchasers</u>. Banks, brokers, and other nominees who purchased securities of PhotoMedex for the benefit of another between November 6, 2012 and November 5, 2013, inclusive, shall: (i) send the Notice and Proof of Claim to the Beneficial Owners of such securities within ten days of receiving them; or (ii) send a list of the names and addresses of such Beneficial Owners to the Claims Administrator within ten days of receiving the Notice and Proof of Claim, at which point the Claims Administrator shall promptly mail the Notice and Proof of Claim to the Beneficial Owners. Nominee Purchasers following procedure (ii) shall promptly send a statement to the Claims Administrator confirming that the mailing was made as directed. If requested, Lead Counsel shall, through the Claims Administrator, reimburse Nominee Purchasers for their reasonable out-of-pocket expenses incurred in providing notice to Beneficial Owners who are Class Members out of the Settlement Fund, subject to further Order of this Court, with respect to any dispute concerning such compensation.

15. <u>Submission of Proof of Claim Forms</u>. Class Members who wish to participate in

the Settlement shall complete and submit a Proof of Claim form in accordance with the instructions contained therein. Unless I order otherwise, all Proof of Claim forms must be postmarked no later than **September 10, 2015**. Any Class Member who does not timely submit a Proof of Claim (or Request for Exclusion) shall not only be barred from sharing in the distribution of the proceeds of the Settlement Fund, but shall also be bound by all determinations and judgments in the action concerning the Settlement, whether favorable or unfavorable to the Class, unless otherwise ordered.

16. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

17. <u>Exclusion from the Settlement</u>. Any person falling within the definition of the Class may, upon request, be excluded from the Class. Any such person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), in writing, postmarked no later than **June 18, 2015**. A Request for Exclusion must state: (a) the name, address, and telephone number of the person requesting exclusion; (b) the person's purchases and sales of PhotoMedex securities made during the Class Period, including the dates, number of shares, options or other securities, and the price paid or received per security for each purchase or sale; and (c) that the person wishes to be excluded from the Class. All persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and in the Notices shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Final Judgment.

18. All Members of the Class who do not submit a valid Request for Exclusion as

detailed above shall be bound by all determinations and judgments in the litigation concerning the Settlement, whether favorable or unfavorable to the Class.

19. <u>Objections to the Settlement</u>.  Any Member of the Class may appear and show cause as to: 1) why the proposed Settlement should or should not be approved as fair, just, reasonable, and adequate; 2) why a judgment should or should not be entered thereon; 3) why the Plan of Allocation should or should not be approved; or 4) why attorneys' fees and expenses should or should not be awarded to Lead Plaintiff or Lead Counsel.  However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment approving it, the Order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, unless that person has served written objections and copies of any papers and briefs, on or before **June 18, 2015**, containing the following: (a) the objector's name, mailing address, daytime telephone number, and e-mail address; (b) the fact that the objector is objecting to the proposed Settlement, Plan of Allocation, or Fee and Expense Application in the instant action; (c) the reason(s), if any, for the objection, including any legal support or evidence, including witnesses, that the objector wishes to bring to my attention or introduce in support of the objection; (d) the number of shares of PhotoMedex publicly traded common stock that the objector owned as of the beginning of trading on November 6, 2012; (e) the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales made by the objector of PhotoMedex publicly traded common stock during the Class Period; and (f) documentation of such trading.  The objector must mail or deliver the objection(s) and all supporting documentation to the following recipients, no later than **June 18, 2015**:

    James C. Shah
    Shepherd, Finkelman, Miller & Shah, LLC

    35 East State Street
    Media, PA 19063
    Telephone: (610) 891-9880
    *Attorney for Plaintiff*

    William P. Quinn, Jr.
    Morgan, Lewis & Bockius LLP
    1701 Market Street
    Philadelphia, PA 19103
    Telephone: (215) 963-5000
    *Attorney for Defendants*

    Clerk of the United States District Court
    for the Eastern District of Pennsylvania
    James A. Byrne United States Courthouse
    Room 2609
    601 Market Street
    Philadelphia, PA 19106-1797

    20.    Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Judgment, to the Plan of Allocation, and/or to the award of attorneys' fees and reimbursement of expenses to Plaintiff's Counsel, unless otherwise ordered.

    21.    Any objector who files and serves a timely, written objection in accordance with the instructions above and in the Notice may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Hearing must effect service of a notice of intention to appear on Plaintiff's Counsel and on Defendants' Counsel at the addresses set forth above. The objector must also file the notice of intention to appear with the Clerk of Court no later than **June 29, 2015**. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph and the Notice shall not be permitted to appear at the Settlement Hearing, except if he, she, or it shows good cause.

22. <u>Service of Papers</u>.  Counsel for the Defendants and Plaintiff shall promptly furnish all Parties with copies of any and all objections and notices of intention to appear that come into their possession.  All papers in support of the Settlement, Plan of Allocation, any application by Plaintiff's Counsel for attorneys' fees or reimbursement of expenses shall be filed and served on or before **July 5, 2015**.  If reply papers are necessary, they are to be filed and served no later than **July 13, 2015**.

23. <u>Notice and Administration Expenses and Escrow Matters</u>.  The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Stipulation is approved.  No person that is not a Class Member or Plaintiff's Counsel shall have any right to any portion of, or in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further Orders.

25. Neither Defendants, Defendants' Counsel, nor any of Defendants' insurers shall have any responsibility for the Plan of Allocation, or any application for attorneys' fees or reimbursement of expenses submitted by Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

26. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

27. <u>Termination of the Settlement</u>.  If in any event the Settlement is not approved or otherwise fails to become effective: neither the Lead Plaintiff nor any of Plaintiffs' Counsel shall have any obligation to repay any Notice and Administration Expenses in accordance with the

terms of the Stipulation; the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation and this Order, shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective positions in the litigation as of November 10, 2014.

28.     Use of Stipulation and Preliminary Approval Order.  Neither the Stipulation, including any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as: 1) an admission or concession by Defendants of the truth of any of the allegations in this litigation, or any liability, fault, or wrongdoing of any kind; or 2) an admission or concession by Lead Plaintiff or the Class of any infirmity in the claims asserted in the Litigation.

29.     Stay.  All proceedings in this action are stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement and this Order.  I retain exclusive jurisdiction over the action.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.