IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GUY RATZ**, individually and on behalf of all others similarly situated, Plaintiff, | : : : : | |
| V. | : : | CIV. NO. 13-6808 |
| **PHOTOMEDEX, INC., DENNIS M. MCGRATH,** and **DOLEV RAFAELI**, Defendants. | : : : : | |

# O R D E R

Plaintiffs in this class action alleged that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act through misrepresentations and omissions regarding the efficacy of the Defendants' "no!no!" hair removal product and its prospects in the Japanese market. On March 10, 2015, I preliminarily approved settlement and certified the class for settlement purposes. (Doc. No. 34.) I will now grant Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, Approval of Plan of Allocation, and Award of Attorneys' Fees and Expenses. (Doc. No. 37.)

There have been no objections to the proposed settlement and only one a single Class Member has opted out. I held a final approval hearing on July 20, 2015, and there were no objectors. Because I conclude that the proposed Settlement Class meets the requirements of Rule 23 and that the proposed Settlement is fair, reasonable, and adequate, I will grant Plaintiffs' Unopposed Motion.

I will consider whether class certification is appropriate and then evaluate the fairness of the settlement. In re Am. Investors Life Ins. Co. Annuity Mktg. & Sales Practices Litig., 263 F.R.D. 226, 234 (E.D. Pa. 2009) (citing In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 257

(3d Cir. 2009)) ("When presented with an unopposed motion for class certification and settlement approval, a court must separate its analysis of the class certification issue from its evaluation of the settlement's fairness.").

### I. Certification of Settlement Class

The Parties have proposed the following Settlement Class:

All persons who purchased or otherwise acquired the securities of PhotoMedex during the period November 6, 2012 through and including November 5, 2013 on any foreign or domestic exchange or otherwise. Excluded from the Class are Defendants and members of each Individual Defendant's immediate family, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs controlling persons, or successors and predecessors in interest or assigns of any such excluded party, as well as the Judge to whom this case is assigned; and those persons and entities listed on Exhibit A who submitted valid and timely requests for exclusion from the Class in accordance with the requirements set forth in this Notice.

I must conclude that Plaintiffs have met each of the four Rule 23(a) requirements and one or more of the Rule 23(b) requirements. Fed. R. Civ. P. 23. Rule 23(a) requires that I find: "(1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." In re Corel Corp. Secs. Litig., 206 F.R.D. 533, 539 (E.D. Pa. 2002).

The proposed Settlement Class meets all four Rule 23(a) requirements: (1) a class of 5,000 to 6,000 shareholders is sufficiently numerous; (2) Class Members share legal and factual questions regarding Defendants' alleged misrepresentations; (3) Lead Plaintiff's claims typify those of the Class as they challenge the same conduct that would be challenged by the Class; and (4) Lead Plaintiff's and Class Counsel will fairly and adequately represent Class interests.

The proposed Class also meets the requirements of Rule 23(b)(3), which permits class actions when "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and that a class action is the superior method for adjudicating the controversy. Fed. R. Civ. P. 23(b)(3). Predominance

"tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 594 (1997). Here, all Class Members have the same legal theory and seek the same relief.

Accordingly, I certify the proposed Settlement Class.

## II. Notice to the Class

I must "determine that notice was appropriate before evaluating" the settlement on its merits. Alexander v. Washington Mut., Inc., 2012 WL 6021098, at *6 (E.D. Pa. Dec. 4, 2012). Settlement Administrator Strategic Claims Service mailed Notice of the proposed settlement to all individuals and organizations identified in the records of PhotoMedex's transfer agent, Broadridge. They also mailed letters to all brokerage companies, banks, and trust companies on their mailing list notifying them of the settlement and asking them either to mail the Notice to beneficial owners or to provide SCS with the owners' mailing addresses. Additionally, the Notice was published in the national edition of Investor's Business Daily, PR Newswire, and Globes (translated into Hebrew). The Notice was written in simple language and contained all information required by Rule 23(c)(2)(B), including instructions for opting out or objecting. The Notice is thus the most notice practicable and complies with the requirements of Rule 23 and due process.

## III. Approval of Class Action Settlement and Allocation Plan

Under Rule 23, I may approve a settlement where, as here, it is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2).

Courts in this Circuit give considerable weight and deference to the views of experienced counsel as to the merits of an arms-length settlement. In re Auto. Refinishing Paint Antitrust Litig., MDL 1426, 2004 WL 6248154, at *2 (E.D. Pa. Sept. 27, 2004); see also Petruzzi's, Inc. v.

3

Darling-Del. Co., 880 F. Supp. 292, 301 (M.D. Pa. 1995) ("[T]he opinions and recommendations of . . . experienced counsel are . . . entitled to considerable weight."); Lake v. First Nationwide Bank, 156 F.R.D. 615, 628 (E.D. Pa. 1994) (giving "due regard to the recommendations of the experienced counsel in this case, who have negotiated this settlement at arms-length and in good faith"). "A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced, capable counsel after meaningful discovery." In re Linerboard Antitrust Litig., 292 F. Supp. 2d 631, 640 (E.D. Pa. 2003); see also In re Cendant Corp. Litig., 264 F.3d 201, 233 n. 18 (3d Cir. 2001). The Settlement is a product of arm's-length negotiations between experienced counsel after significant investigation and litigation. Importantly, the Parties only reached an agreement-in-principle after mediation.

In Girsh v. Jepson, the Third Circuit identified nine factors to assist courts in determining whether a class action settlement should be approved as "fair, adequate and reasonable." 521 F.2d 153, 157 (3rd Cir. 1975). These factors are:

> (1) the complexity, expense and likely duration of the litigation;
> (2) the reaction of the class to the settlement;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the risks of establishing liability;
> (5) the risks of establishing damages;
> (6) the risks of maintaining the class action through the trial;
> (7) the ability of the defendants to withstand a greater judgment;
> (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and
> (9) the range of reasonableness of the settlement fund in light of all the attendant risks of litigation.

In re Cendant, 264 F.3d at 232. When appropriate, courts should also consider:

> (10) the maturity of the underlying substantive issues, as measured by experience in adjudicating individual actions, the development of scientific knowledge, the extent of discovery on the merits, and other factors that bear on the ability to assess the probable outcome of a trial on the merits of liability and individual damages; (11) the existence and probable outcome of claims by other classes and subclasses; (12) the comparison between the results achieved by the settlement for

4

individual class or subclass members and the results achieved—or likely to be achieved—for other claimants; (13) whether class or subclass members are accorded the right to opt out of the settlement; (14) whether any provisions for attorneys' fees are reasonable; and (15) whether the procedure for processing individual claims under the settlement is fair and reasonable.

Prudential, 148 F.3d at 323 (numbers added). Applying these factors, I conclude that the Settlement is fair, adequate, and reasonable.

First, the complexity, expense, and likely duration of the litigation support settlement. Like all securities class actions, this case is complex. See In re Ikon Office Solutions, Inc. Sec. Litig., 194 F.R.D. 166, 179 (E.D. Pa. 2000) (noting the "complicated nature of large class actions alleging securities fraud"). Indeed, the Motion to Dismiss in this matter revealed significant disputed issues, including scienter, public disclosure, and whether Defendants' challenged statements were only opinions. Moreover, the case would have involved extensive discovery regarding FDA procedure, Defendants' operations in Japan, and the medical and scientific issues respecting the product's efficacy, which are complex and would thus be difficult to present at trial. See id. ("The difficulty of presenting these issues either in the context of a motion for summary judgment or at trial thus weighs in favor of settlement . . . ."). Accordingly, the Parties will benefit from the time and resources saved by avoiding further litigation. Fleisher v. Fiber Composites, LLC, 2014 WL 866441, at *11 (E.D. Pa. Mar. 5, 2014).

The second Girsh factor weighs heavily in favor of settlement because no Class Member has objected and only one has opted-out. See Chakejian v. Equifax Info. Servs., LLC, 275 F.R.D. 201, 212 (E.D. Pa. 2011) (class of 40,000 reacted favorably when only 7 opted out and 2 objected). The stage-of-proceedings factor also supports settlement: counsel conducted extensive (though not complete) discovery and retained experts before settling. As I have directed, the Parties also litigated a Motion to Dismiss, which gave them an appreciation of the

5

merits of the case.

The fourth, fifth, and sixth <u>Girsh</u> factors—the risks of establishing liability and damages and of maintaining the class action through the trial—favor settlement. Establishing liability will be difficult. <u>See</u> <u>Seidman v. Am. Mobile Sys.</u>, 965 F. Supp. 612, 619 (E.D. Pa. 1997) ("Proving liability and damages in securities fraud cases is almost always a daunting task for Plaintiffs."). Here, Defendants have asserted that their challenged statements were opinions, that the public already knew the allegedly concealed information, and that Plaintiffs cannot establish scienter. Proving damages would also be difficult because Plaintiffs have to show that their injuries were proximately caused by Defendants' actions and not by market forces or other causes. Proving damages can be complicated, and a jury is not certain to believe Plaintiffs' expert over Defendants'. <u>See</u> <u>In re Cendant</u>, 264 F.3d at 239 ("[E]stablishing damages at trial would lead to a 'battle of experts,' with each side presenting its figures to the jury and with no guarantee whom the jury would believe."). And the risk of decertifying the Class throughout trial is slight because common issues of fact and law predominate.

The seventh factor—the ability of Defendants to withstand greater judgment—weighs in favor of settlement. This factor concerns whether Defendants "could withstand a judgment for an amount significantly greater than the [proposed] Settlement." <u>Id.</u> PhotoMedex's stock price has fallen by more than 90% since November 2013, and in November 2014, PhotoMedex entered into an Amended and Restated Forbearance Agreement with its creditors. Lead Plaintiff thus believes "there is a distinct possibility that any judgment obtained in this case could ultimately prove uncollectible." (Doc. No. 37 at 25.)

Finally, the eighth and ninth factors weigh in favor of settlement because of Defendants' financial condition and the risks of continued litigation, both of which I have described. This

6

settlement would provide a recovery of $1.5 million. Lead Plaintiff has calculated that the maximum recoverable amount is "slightly more than $11 million—with a distinct possibility that recoverable damages would be less than $5 million." Balanced with the risks of litigation, including the risk that some portion of a judgment might be uncollectible, this settlement is within the range of reasonableness. See In re Gulf Oil/Cities Servs. Tender Offer Litig., 142 F.R.D. 588, 596 (S.D.N.Y. 1992) (approving settlement providing $0.48 per share, when the maximum amount plaintiffs could recover was $30 per share). In sum, the $1.5 million settlement is reasonable, because Class Members recovered from Defendants without facing any further protracted, uncertain litigation.

    Several of the Circuit's non-exclusive factors also support the Settlement. First, after extensive discovery and litigation, the Parties have developed a sufficient understanding of their cases. It appears that there are no other classes or potential claimants: a class action was filed in Israel because the securities were also listed on the Israeli stock exchange, but those class members agreed to join with this class action, and participated in the mediation. I also approved the opt-out notice procedures at the preliminary approval stage and only one class member has chosen to opt out. Finally, as I discuss in today's companion Order, the attorney fee provisions and claim processing mechanisms are fair and reasonable.

    Like the Settlement Agreement, the Plan of Allocation must be fair, reasonable, and adequate. In re Ikon Office Solutions, Inc. Sec. Litig., 194 F.R.D. 166, 184 (E.D. Pa. 2000). After paying Administrative Costs, Attorneys' Fees and Expenses, and Case Contribution awards, participating Class Members will receive a *pro rata* share of the settlement proceeds based on their number of shares and when they purchased them, thus taking into account the strengths and weaknesses of these claims. See In re "Agent Orange" Prod. Liab. Litig., 61 F.

Supp. 1396, 1411 (E.D.N.Y. 1985) ("[I]f one set of claims had a greater likelihood of ultimate success than another set of claims, it is appropriate to weigh distribution of the settlement . . . in favor of plaintiffs whose claims compromise the set that was more likely to succeed." (internal citation and quotation marks omitted)).  Counsel have endorsed the plan of allocation, and no class member has objected.  See In re Am. Bank Note Holographics, Inc., 127 F. Supp. 2d 418, 430 (S.D.N.Y. 2001) ("As with other aspects of settlement, the opinion of experienced and informed counsel is entitled to considerable weight.").  Accordingly, the plan of allocation is fair, reasonable, and adequate.

**AND NOW**, this 10th day of August, 2015, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, Approval of Plan of Allocation, and Award of Attorneys' Fees and Expenses (Doc. No. 37) and the Settlement set forth in the Stipulation of Settlement dated January 9, 2015, and after a duly-noticed final approval hearing on July 20, 2015, it is hereby **ORDERED** as follows:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including the terms and conditions of the Stipulation of Settlement and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all Members of the Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court certifies the following Class for purposes of this Settlement only:

> all Persons who purchased or otherwise acquired the securities of PhotoMedex during the period November 6, 2012 through and including November 5, 2013 on any foreign or domestic exchange or otherwise. Excluded from the Class are Defendants and members of each Individual Defendant's immediate family, any entity in which a Defendant has a controlling interest, and the legal representatives, heirs controlling persons, or successors and predecessors in interest or assigns of any such excluded party, as well as the Judge(s) to whom this case is assigned; and those persons and entities listed on Exhibit "A" hereto who submitted valid and timely requests for exclusion from the Class in accordance with the requirements set forth in the Notice.

4. The Court hereby affirms its appointment of Lead Plaintiff Asbestos Workers, Local 14 Pension Fund, as the Class Representative and Shepherd Finkelman Miller & Shah, LLP as Class Counsel.

5. This Court finds that the distribution of the Notice, the publication of the Summary Notice, and the notice methodology all were implemented in accordance with the

terms of the Stipulation and the Court's Preliminary Approval Order, and:

(a) constituted the best practicable notice to Class Members under the circumstances of the Litigation;

(b) were reasonably calculated, under the circumstances, to apprise Class Members of: (i) the proposed Settlement of this class action; (ii) their right to exclude themselves from the Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Litigation, whether favorable or unfavorable, on all persons who are not excluded from the Class;

(c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C.§78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules of the Court, and any other applicable law.

6.   In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against the Defendants, and the risks of establishing liability and damages, pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation, and the Exhibits thereto, and approves the Plan of Allocation set forth in the Notice, and finds that said Settlement is, in all respects, fair, reasonable and adequate, and is in the best interest of, the Lead Plaintiff, the Class

and each of the Class Members.  This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Lead Plaintiff, the Class Members and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Settling Parties are hereby directed to perform the terms of the Stipulation.

7. Except as to any individual claim of those Persons (identified in Exhibit A hereto) who have validly and timely requested exclusion from the Class, the Litigation, as well as all of the Released Claims and Released Defendants' Claims, are dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Upon the Effective Date hereof, and in consideration of (a) Defendants' payment of $1,500,000 (the "Cash Settlement Amount"), and (b) Defendants' and their Released Parties' release of Defendants' Released Claims, as set forth in the Stipulation, Lead Plaintiff and each Class Member (and their Released Parties, as defined in the Stipulation) other than those listed in Exhibit A hereto shall be deemed to have, and by operation of the Judgment shall: (1) fully, finally, and forever release, relinquish and discharge all Released Claims against Defendants, and each of them, and each of their Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release; and (2) refrain from instituting, commencing, prosecuting, or cooperating with, either directly or indirectly, representatively, or in any other capacity, any and all Released Claims.

9. All Class Members who are not listed on Exhibit A hereto are hereby forever barred and enjoined from prosecuting the Released Claims against Defendants and their Released Parties and shall be deemed to have covenanted not to sue Defendants and their Released Parties,

or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Defendants and their Released Parties. The foregoing release is given regardless of whether such Lead Plaintiff or Class Members have: (i) executed and delivered a Proof of Claim; (ii) received the Notice; (iii) participated in the Settlement Fund; (iv) filed an objection to the Settlement, the proposed Plan of Allocation, or any application by Plaintiffs' Counsel for attorneys' fees and expenses; or (v) had their claims approved or allowed. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Stipulation or this Judgment.

10. Upon the Effective Date hereof, and in consideration of the releases to be provided by Lead Plaintiff, the Class, and all Members thereof, Defendants, and each of them (and their Released Parties as defined in the Stipulation), shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever released, relinquished and discharged Lead Plaintiff, Class Members, Class Counsel, Plaintiffs' Counsel and each of them, and each of their Released Parties from all Released Defendants' Claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

11. The Court hereby approves the Plan of Allocation as set forth in the Notice distributed to the Class.

12. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, may be deemed, or shall be used, offered or received against Defendants, or any of their Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Lead Plaintiff and the Class,

or any of them, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, fault of Defendants or any of the Released Parties, or any of them; (b) is, may be deemed, or shall be used, offered or received against Defendants, or each or any of them, or their Released Parties, as an admission, concession, or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant and by any of their Released Parties;(c) is, may be deemed or shall be used, offered or received against Lead Plaintiff and the Class, or each or any of them, as an admission, concession or evidence of, the validity of any of the Released Defendants' Claims, the infirmity of any claims raised in the Litigation, the truth of any fact alleged by Defendants, or the availability of meritorious defenses to the claims raised in the Litigation; (d) is, may be deemed, or shall be used, offered or received against Lead Plaintiff and the Class, or each or any of them, or against Defendants, or any of the Released Parties, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties to the Stipulation, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to effectuate the provisions of this Stipulation; (e) is, may be deemed, or shall be construed against Lead Plaintiff and the Class or against any of the Released Parties, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount which could have or would have been recovered after trial; and (f) is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Lead Plaintiff and the Class, or each and any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the principal amount to be paid by Defendants' insurer into the Settlement Fund.

Notwithstanding the provisions of this paragraph, if this Stipulation is approved by the Court, any Released Party may file this Stipulation and/or the Final Judgment and/or any Claim Form submitted by a Settlement Class Member in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of res judicata, collateral estoppels, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate the liability protection granted to them under any applicable insurance policies.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) determination of applications for attorneys' fees and expenses in the Litigation; and (d) all Parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. This Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. This Court finds that Lead Plaintiff and Lead Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for the purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Litigation.

16. A separate order shall be entered regarding Plaintiffs' Counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court. This order shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

17. Nothing in this Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives

18. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and released delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Judgment.

AND IT IS SO ORDERED.

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.

## **EXHIBIT A**

1. Betty Svoronos, individually and as the Executor of the Estate of Andreas Svoronos (deceased), 1222 Maple Ace Drive, Katy, Texas 77493