IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GUY RATZ, individually and on behalf of all others similarly situated,<br>Plaintiff,<br><br>V.<br><br>PHOTOMEDEX, INC., DENNIS M. MCGRATH, and DOLEV RAFAELI,<br>DEFENDANTS. | CIV. NO. 13-6808 |

**O R D E R**

Class Counsel has petitioned for an award of attorneys' fees, reimbursement of litigation costs, and a case contribution award for Lead Plaintiff. (Doc No. 37.) In a separate Order issued today, I have granted Plaintiffs' Motion to approve Settlement and to certify the Class for settlement purposes. Because I find the requested attorneys' fees, costs, and the case contribution award to be appropriate, fair, and reasonable, I will grant Plaintiffs' unopposed request.

Class Counsel seeks $500,000.00 in attorneys' fees and reimbursement of $99,637.49 in litigation costs, for a total award of $599,637.49. Lead Plaintiff has requested a case contribution award of $1,500.00. These monies are to be paid from the Settlement Amount and in accordance with the terms of the Settlement Agreement.

*Attorney's Fees*

Class Counsel seeks $500,000 in fees (33% of the $1,500,000 Settlement) and $99,637.49 in expenses—a total of $599,637.49. I must consider the following Gunter and Prudential factors in awarding attorneys' fees:

> (1) [T]he size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; (7) the awards in similar cases.

Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 195 n.1 (3d Cir. 2000)

> (8) [T]he value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement.

In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 338-40 (3d Cir. 1998).

These factors weigh in favor of approving Counsel's unopposed fee request. As I discuss in today's companion Order, the size of the award is reasonable given Defendants' precarious financial condition and the uncertainty of the litigation (first factor). There has only been one opt-out (of approximately 5000-6000 shareholders) and, to date, no objections (second factor). See In re Flonase Antitrust Litig., 951 F. Supp. 2d 739, 747 (E.D. Pa. 2013) (absence of objections "strongly supports approval of the requested fee"). Class Counsel, Scott Shepherd of Shepherd, Finkelman, Miller, & Shah, LLP, is vastly experienced in securities litigation and exceptionally able. His firm has billed 1,250.40 hours on this complex case during the last year and a half (factors three, four, and six). Counsel's fee agreement was contingent, so the risk of nonpayment was high (factor five).

The 33% request is consistent with fee awards in similar cases (factor seven). See, e.g., In re Sterling Fin. Corp. Secs. Class Action, 2009 WL 2914363, at *4 (E.D. Pa. Sept. 10. 2009) (awarding one-third of settlement to attorneys in securities case). Class Counsel investigated, litigated, and negotiated the Settlement without the aid of any other group, such as a government

agency (factor eight). In re CertainTeed Fiber Cement Siding Litig., 2014 WL 1096030, at *26 (E.D. Pa. Mar. 20, 2014). The requested fee award is also consistent with privately negotiated fee awards (factor nine). See id. (fee arrangements in private contingent fee cases range from 30% to 40%). Because there is nothing innovative about the settlement, factor ten is neutral.

A lodestar cross-check also supports the reasonableness of this fee award. See Prudential, 148 F.3d at 342 (approving the lodestar method as a "cross-check of the court's primary fee calculation using the percentage-of-recovery methodology"). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Class Counsel have calculated a lodestar of $655,019.00, resulting in a multiplier of .7633.

Because a "reasonable hourly rate" reflects an attorney's experience and expertise, the rates for individual attorneys may vary. See O'Keefe v. Mercedes-Benz USA, LLC, 214 F.R.D. 266, 310 (E.D. Pa. 2003) (applying blended rate in lodestar calculation reflecting average of attorneys' actual hourly billing rates). The hourly rates used in the lodestar calculation reasonably range from $185 per hour for a paralegal and $350 per hour for an associate to $775 per hour for an experienced partner. The .76 multiplier is well within the range of multipliers approved as reasonable in this Circuit. See, e.g., In re Cendant Corp. PRIDES Litig., 243 F.3d 722, 742 (3d Cir. 2001) (suggesting a lodestar multiplier of 3 "is the appropriate ceiling for a fee award").

*Expenses*

Class Counsel are also entitled to recover costs for expert witnesses, legal research, travel, and general office expenses. Alexander v. Washington Mut., Inc., 2012 WL 6021103, at *5 ("[C]ounsel in common fund cases is entitled to reimbursement of expenses that were

adequately documented and reasonably and appropriately incurred in the prosecution of the case." (quoting In re Cendant Corp. Derivative Action Litig., 232 F. Supp. 2d 327, 343 (D.N.J. 2002)). Class Counsel have properly documented these costs, to which no objections have been filed. (Doc. No. 37, Ex. B-2).

*Case Contribution Award*

There is no objection to Lead Plaintiff's request of a $1,500.00 case contribution award. The award is reasonable compared with others that have been awarded in this District. See, e.g., Briggs v. Hartford Fin. Servs. Grp., Inc., No. 07-5190, 2009 WL 2370061, at *10 (E.D. Pa. July 31, 2009) (unopposed $10,000 award in an insurance class action was "a modest sum relative to the $2.35 million overall settlement fund").

**AND NOW**, this 10th day of August, 2015, upon consideration of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, Approval of Plan of Allocation, and Award of Attorneys' Fees and Expenses (Doc. No. 37), and having found the Settlement of this matter to be fair, reasonable, and adequate, it is hereby **ORDERED** as follows:

1. Pursuant to the terms of the Settlement Agreement, Lead Plaintiff shall be entitled to receive out of the Settlement Amount a payment in the amount of $1,500.00 to reimburse it for its time and expenses devoted this matter.

2. Class Counsel shall be entitled to receive out of the Settlement Amount reasonable attorneys' fees in the amount of $500,000.00 plus reasonable costs and other expenses in the amount of $99,637.49.

3. The Court hereby retains continuing jurisdiction over (a) implementation of the Settlement and any award or distribution of the Distributable Settlement Amount, including

interest earned thereon; and (b) the Parties and the Members of the Settlement Class for purposes of construing, enforcing and administering the Agreement.

                                            AND IT IS SO ORDERED.

*/s/ Paul S. Diamond*
_____
Paul S. Diamond, J.